STATE OF MAINE                          SUPERIOR COURT
HANCOCK, SS.                            CIVIL ACTION
                                        Docket No. CV-04-9
                                        JLH -HAN- 12/15/2005


Thomas Huck,
       Plaintiff


            v.                          Decision and Judgment


Maine Development Associates et al.,
       Defendants


       Following a jury verdict finding both defendants liable to the plaintiff on his

claim under the Maine Whistleblower's Protection Act, *see* 26 M.R.S.A. § 831 *et seq.* the

parties have filed submissions on those damages claims that are to be adjudicated on a

jury-waived basis. These submissions consist of a stipulation of facts and written

argument. The plaintiff's arguments include his principal argument and a reply. The

court grants the defendants' motion to strike the plaintiff's reply, because the scheduling

format agreed by the parties did not provide for a plaintiff's reply. For this reason, the

court has not read the plaintiff's reply brief.

       The general issue at bar is the amount of backpay which the plaintiff is entitled to

recover as part of his damage award on his claim under the WPA. The parties have

stipulated that, as a result of his termination from employment, he lost wages in the

amount of $3,600. The defendants argue that this amount should be reduced by the

amount of workers' compensation benefits he received (nearly $2,800) during the period

of time covered by the backpay claim. The court treats this issue as one of avoidance or

reduction of liability, similar (if not equivalent) to a setoff. Such an issue must be raised

as an affirmative defense. Contrary to the plaintiff's argument, the defendants have

preserved this issue by raising the affirmative defense of "[p]ayment" in their responsive

pleading. Although that affirmative defense is framed broadly and could capture a

number of factual contentions relevant to either of the substantive claims included in the


1

complaint (the WPA claim and one for unpaid wages), it is sufficient to provide a platform for the defendants' argument here.

The defendants first contend that the amount of workers' compensation payments that Huck received during the backpay claim period are properly deducted from the award of damages because they would create a double recovery and because they are not barred from the calculation under the collateral source rule. Maine law firmly holds that an award of compensatory damages for employment discrimination under the Maine Human Rights Act is not subject to reduction by the amount of unemployment benefits received by the aggrieved party during the backpay claim period. *Maine Human Rights Commission v. Department of Corrrections*, 474 A.2d 860, 870 (Me. 1984); *see also Quint v. A.E. Staley Manufacturing Co.*, 172 F.3d 1, 16-17 (1st Cir. 1999) (applying Maine law). The defendants' attempts to distinguish this authority from the present circumstances are unpersuasive.

Next, the defendants urge that plaintiff's receipt of workers' compensation benefits bars him from recovery pursuant to other claims because, statutorily, those benefits are his exclusive remedy. In support of this contention, the defendants rely on the provisions of 39-A M.R.S.A. § 104. That exclusivity provision, however, immunizes an employer from civil liability based on personal injury, including special or economic damages resulting from personal injury. *Cole v. Chandler*, 2000 ME 104, ¶ 13, 752 A.2d 1189, 1196. The portion of the plaintiff's claim at issue here is clearly economic, but that economic loss did not arise from personal injury. Rather, it was the result of the defendants' decision to terminate him from employment. Consequently, the relevant loss is not based on personal injury, and the provisions of section 104 do not immunize the defendants from resulting liability. *Id.*, 752 A.2d at 1196.

The second issue at bar is whether the plaintiff is entitled to the value of the use of laundry facilities in the computation of his backpay. The plaintiff has argued that this amount should be included in his damage award. In their responsive argument, the defendants have not made an argument to the contrary. The court therefore includes this amount as urged by the plaintiff ($500) as part of his compensatory damage award.

The amount of the plaintiff's compensatory damages on his WPA claim therefore amounts to $20,600, which is the sum of $3,600 in lost income, $500 for the laundry benefit, and $16,500 in damages for non-pecuniary losses as found by the jury.

The entry shall be:

The defendants' motion to strike the plaintiff's reply memorandum is granted. The reply memorandum is stricken, and the court has not read it.

On count 1 of the complaint, judgment is entered for the plaintiff and against the defendants jointly and severally in the amount of $20,600 as compensatory damages, $10,000 as punitive damages, prejudgment interest at the annual rate of 4.28%, post-judgment interest and his costs of court.

On count 2 of the complaint, judgment is entered for the plaintiff and against the defendants jointly and severally in the amount of $4,800, prejudgment interest at the annual rate of 4.28%, post-judgment interest and his costs of court.

The annual rate of post-judgment interest shall be determined at the time this judgment becomes final (after the court's determination of attorney's fees). *See* 14 M.R.S.A. § 1602-C.

The parties have not made presentations regarding the statutory availability of attorney's fees. *See* 5 M.R.S.A. § 4614, 26 M.R.S.A. §§ 626, 626-A. The plaintiff may file any argument or material on his claim for attorney's fees within 14 days of the date of this order. The defendant may file any responsive submissions within 10 days of the plaintiff's filing. The plaintiff may file a reply within 5 days of the defendants' filing. The judgment entered as a result of this order shall NOT be deemed a final judgment until the claim for attorney's fees is adjudicated.

By agreement of the parties, the plaintiff's motion for attachment is granted. Attachment and attachment by trustee process may be made against the property and credits of the defendants, jointly and severally, in the amount of $85,000, provided, however, that the defendants may limit the amount of this attachment by providing to the plaintiff an irrevocable letter of credit from a Maine bank issued to Gilbert & Greif, P.A. for the benefit of the plaintiff.

Dated: December 14, 2005

_____
Justice, Maine Superior Court

**FILED &
ENTERED**

DEC 1 5 2005

**SUPERIOR COURT
HANCOCK COUNTY**

3